[Crim. No. 6920. Fourth Dist., Div. One. May 28, 1975.]

THE PEOPLE, Plaintiff and Respondent, v.
DENNIS JAMES NORTH, Defendant and Appellant.

**COUNSEL**

Paul Bell, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Daniel J. Kremer, Assistant Attorney General, A. Wells Petersen and Alan S. Meth, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**BROWN (Gerald), P. J.**—Dennis James North appeals the judgment sentencing him to prison for second degree burglary, following an order revoking his probation.

While on probation, North was charged with assault with a deadly weapon and carrying a concealed firearm. He admitted being out of the jurisdiction without the permission of his probation officer, but denied the alleged criminal violations. At the evidentiary hearing North did not testify. He contends he was forced to an unfair election between his right to testify at the probation revocation hearing and his right to remain silent about the criminal charges.

North's claim of error was asserted before the Supreme Court decision in *People* v. *Coleman,* 13 Cal.3d 867 [120 Cal.Rptr. 384, 533 P.2d 1024]. Coleman made the same argument as that advanced here claiming that since his testimony at the probation revocation hearing could be used against him at the related criminal trial ". . . the meaningful opportunity to be heard assured him by *Morrissey* v. *Brewer* (1972) 408 U.S. 471, 489, . . . was essentially nugatory." (*People* v. *Coleman, supra,* 13 Cal.3d 867, 871.) The Supreme Court refused to consider the constitutional issues raised by *Coleman;* rather, under their inherent supervisory powers, they declared the following exclusionary rule: "We accordingly declare as a judicial rule of evidence that henceforth upon timely objection the testimony of a probationer at a probation revocation hearing held prior to the disposition of criminal charges arising out of the alleged violation of the conditions of his probation, and any evidence derived from such testimony, is inadmissible against the probationer during subsequent proceedings on the related criminal charges, save for purposes of impeachment or rebuttal. . . ." (*People* v. *Coleman,* 13 Cal.3d 867, 889 [120 Cal.Rptr. 384, 533 P.2d 1024].)

Application of the rule is to be prospective only. "The rule is accordingly declared to be applicable only to probation revocation proceedings held on or after the date of the filing of this opinion." (*People* v. *Coleman,* 13 Cal.3d 867, 896 [120 Cal.Rptr. 384, 533 P.2d 1024].) North, in a supplemental brief filed after the *Coleman* decision, claims his appeal is a probation revocation proceeding which is being decided after the date *Coleman* was filed and, thus, he is entitled to a reversal and the benefit of the exclusionary rule. However, the word "proceeding" in the opinion is used interchangeably with the words "hearing" and "trial" (see e.g. *People* v. *Coleman, supra,* 13 Cal.3d 867, 891); there is nothing to indicate the Supreme Court intended its new rule to apply to revocation hearings which had already been held once and were pending on appeal. In addition, the reason the rule was given prospective application was "the sound administration of justice." To give it retroactive effect by reversing would burden the lower courts with rehearings and retrials which would not further this goal.

North contends we should reverse so we can avoid the constitutional issues which *Coleman* did not decide for the reason the Supreme Court thought it would be unwise to do so. Before examining the constitutional issue, however, we look to whether this decision, if made, would apply to North. As set out in *In re Tahl,* 1 Cal.3d 122, 134 [81 Cal.Rptr. 577, 460 P.2d 449], we must determine: " '(1) the purpose of the new rule; (2) the

extent of reliance upon the old rule; and (3) the effect retroactive application would have upon the administration of justice.' " In this instance there had been complete reliance on the old practice of having probation hearings in advance of the criminal trial and making the probationer elect whether to stand mute or to defend himself at the revocation hearing and have that testimony admissible at trial. As noted above, retroactive application of the rule would adversely affect the administration of justice by burdening the court system with numerous rehearings and retrials. Under these circumstances, any constitutional ruling would not be retroactive and would not apply to North. We find it unnecessary to consider the constitutional claim.

Judgment affirmed.

Ault, J., and Coughlin, J.,* concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 23, 1975.

---

*Retired Associate Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.