Opinion
 

 HANSON, J.
 

 —Gary Dennis Ortiviz appeals from the order revoking probation.
 

 Facts
 

 After pleading nolo contendere to a charge of assault with a deadly weapon (Pen. Code, § 245, subd. (a)), defendant was placed on probation for a period of three years commencing August 22, 1973. The conditions of probation included, inter alia, that defendant not consume any alcoholic beverages and that he stay out of places where the chief items of sale were alcoholic beverages. Thereafter, on April 23, 1974, defendant Ortiviz was found in violation of probation by reason of his conviction of misdemeanor drunk driving (Veh. Code, § 23102). Defendant’s probation was revoked and reinstated with certain modifications and was extended one additional year to August 22, 1977.
 

 On September 26, 1976, defendant Ortiviz was allegedly involved in a physical altercation with Larry Preciado and several other individuals. After being advised of his constitutional rights and waiving those rights, defendant admitted to the arresting officer that he had been drinking that evening. Defendant was subsequently brought before a magistrate on the criminal charge of assault with force likely to cause great bodily injury (Pen. Code, § 245, subd. (a)). Defendant was not held to answer for that offense at the preliminary hearing, and the charges were dismissed.
 

 Thereafter, the district attorney instituted proceedings for probation revocation. On January 25, 1977, the trial court held a preliminary probation revocation hearing as mandated in
 
 Morrissey
 
 v.
 
 Brewer
 
 (1972)
 
 *540
 
 408 U.S. 471 [33 L.Ed.2d 484, 92 S.Ct. 2593], and found “probable cause for violation.”
 

 In a separate probation revocation hearing on February 25, 1977, the trial court examined defendant’s probation report, the preliminary hearing transcript and the testimony of the victim of the alleged assault and defendant’s probation was revoked. In finding that defendant Ortiviz had violated the terms of his probation, the court specifically found that there was reason to believe that defendant had consumed and used alcoholic beverages in violation of the express condition not to do so; that he committed the simple battery of grabbing another by the shirt; that he committed an assault with force likely to cause great bodily injury; and that he smashed the windows of a vehicle in violation of Vehicle Code section 10852. Defendant was thereupon sentenced to state prison for the term prescribed by law.
 

 Issue
 

 Defendant Ortiviz contends that it was improper to relitigate the issue of his criminal conduct at the probation violation hearing since the court dismissed the charges for that offense at the preliminary hearing.
 

 Discussion
 

 In the present case we consider whether a court at a probation revocation hearing may properly consider evidence indicating that the probationer had committed a criminal offense during the time of his probation despite the fact that at a preliminaiy hearing a magistrate had dismissed the charges against him for that offense. The gravamen of defendant’s argument is that since he was not held to answer on the criminal charge of assault with force likely to cause great bodily injury, it was improper to consider said charge as a basis for revoking his probation and that the doctrine of collateral estoppel applies.
 

 Prior California cases have stated that the doctrines of res judicata and collateral estoppel do not attach to orders dismissing criminal prosecutions following preliminary hearings. (See
 
 People
 
 v.
 
 Uhlemann
 
 (1973) 9 Cal.3d 662, 667-668 [108 Cal.Rptr. 657, 511 P.2d 609];
 
 People
 
 v.
 
 Prewitt
 
 (1959) 52 Cal.2d 330, 339-340 [341 P.2d 1].) Accordingly, defendant’s present claim that the doctrine of collateral estoppel barred the relitigation of the offense of assault with force likely to cause great bodily injury is without merit.
 

 
 *541
 
 The magistrate’s order of dismissal is not a decision on the merits since the court at a preliminary hearing determines only whether or not there is “sufficient cause” to believe that the defendant is guilty of a public offense (Pen. Code, §§ 871, 872;
 
 People
 
 v.
 
 Uhlemann, supra, 9
 
 Cal.3d 662, 666-667). The term “sufficient cause” is equivalent to “reasonable and probable cause,” that is, such a state of facts as would lead a man of ordinary caution or prudence to believe and conscientiously entertain a strong suspicion of the guilt of the accused.
 
 (Williams
 
 v.
 
 Superior Court
 
 (1969) 71 Cal.2d 1144, 1147 [80 Cal.Rptr. 747, 81 Cal.Rptr. 761, 458 P.2d 987].)
 

 “ ‘The doctrine of res judicata prevents the relitigation of issues determined by a final judgment in a prior action between the same parties or those in privity with the original parties.’
 
 (In re Crow, 4
 
 Cal.3d 613, 623, fn. omitted [94 Cal.Rptr. 254, 483 P.2d 1206].) The doctrine of collateral estoppel bars relitigation of previously decided issues sought to be raised in a new proceeding on a different cause of action.
 
 (Id.,
 
 p. 622; 1 Witkin, [Cal. Crimes], § 221 et seq., and cases cited; see
 
 Ashe
 
 v.
 
 Swenson,
 
 397 U.S. 436, 445 [25 L.Ed.2d 469, 476, 90 S.Ct. 1189].) In criminal cases, these doctrines have thus far been limited to situations wherein jeopardy has attached at the prior proceeding. As stated in
 
 Crow,
 
 (p. 623), ‘In criminal cases in which an individual has once been haled before a jury and found innocent, res judicata, including collateral estoppel, rests upon the double jeopardy clause of the Fifth Amendment and prevents a second prosecution for the same conduct or subject matter.
 
 (Ashe
 
 v.
 
 Swenson
 
 (1970)
 
 [supra]
 
 397 U.S. 436, 445 ....)’ Since a defendant is not placed in jeopardy at the preliminaiy hearing
 
 (United States
 
 v.
 
 Levy,
 
 268 U.S. 390, 393 [69 L.Ed. 1010, 1011, 45 S.Ct. 516];
 
 Ex parte Fenton, supra, 11
 
 Cal. 183, 184; 1 Witkin,
 
 supra,
 
 § 189, p. 182), the Fifth Amendment does not serve as a proper basis for barring further prosecution in this case.”
 
 (People
 
 v.
 
 Uhlemann, supra, 9
 
 Cal.3d 662, 668, fn. 4.) (1b) For similar reasons, the magistrate’s determination as to insufficiency of the evidence at the preliminaiy hearing to establish probable cause does not establish collateral estoppel as to these issues in subsequent proceedings.
 

 Defendant nonetheless contends that it was improper to relitigate the issue of his criminal conduct since the standard of proof required at the preliminary hearing is a lesser standard than that at the probation hearing, and he reasons that if the evidence was insufficient to sustain the charges at the felony hearing, then it cannot support his probation revocation.
 

 
 *542
 
 The court has authority to revoke probation “if the interests of justice so require and the court, in its judgment,
 
 has reason to believe
 
 from the report of the probation officer or otherwise that the person has violated any of the conditions of his probation, has become abandoned to improper associates or a vicious life,
 
 or has subsequently committed other offenses, regardless whethér he has been prosecuted for such
 
 offenses.” (Pen. Code, § 1203.2, subd. (a), italics added.) The cases have interpreted “reason to believe” as an equivalent of “clear and satisfactory” proof
 
 (People
 
 v.
 
 Hayko
 
 (1970) 7 Cal.App.3d 604, 609 [86 Cal.Rptr. 726]), or “clear and convincing” proof
 
 (People v. Coleman
 
 (1975) 13 Cal.3d 867, 877, fn. 8 [120 Cal.Rptr. 384, 533 P.2d 1024]). Moreover, defendant Ortiviz does not contend that the evidence introduced at the probation revocation hearing was insufficient, but asserts that the assault issue was not properly considered. However, since revocation of probation is discretionary, and since the magistrate’s order dismissing charges at the felony preliminary may not be invoked to establish collateral estoppel, the same facts may be used to establish grounds for probation revocation.
 

 The defendant further argues that since a felony preliminary hearing may serve as an equivalent to the probable cause hearing in a parole revocation proceeding
 
 (In re Law
 
 (1973) 10 Cal.3d 21 [109 Cal.Rptr. 573, 513 P.2d 621]), it should be similarly equivalent to a probation revocation hearing.
 
 In re Law
 
 held that if the magistrate at the felony preliminary finds probable cause that a new offense was committed, it would be unnecessary to relitigate the issue by requiring a second and independent determination.
 
 (In re Law, supra,
 
 10 Cal.3d at p. 27.) The application of this rule, however, was explicitly limited to situations where there was proper notice to the parolee or agreement between the parolee and administrative authority that the preliminary hearing would serve such a dual purpose. Assuming arguendo that the rule were applicable to probation revocation, there was no concurrence in this procedure in the present case.
 
 In re Law
 
 additionally makes clear that its holding does not preclude a tribunal from conducting a separate probable cause hearing to determine whether a particular act or series of acts constitute a violation of the terms of parole independent from the prior determination of the existence of probable cause that a new offense had been committed.
 

 Summarizing, we find no merit in defendant’s contention that he was entitled to the application of the doctrine of res judicata or collateral estoppel as to the assault charges. Finally we note that defendant Ortiviz’
 
 *543
 
 probation was revoked on several grounds which have not been challenged, and it appears that any one standing alone may have been sufficient.
 

 Disposition
 

 The order revoking probation is affirmed.
 

 Wood, P. J., and Lillie, J., concurred.
 

 A petition for a rehearing was denied November 15, 1977, and appellant’s petition for a hearing by the Supreme Court was denied December 15, 1977.