[No. AO20079. First Dist., Div. Three. Nov. 8, 1983.]

THE PEOPLE, Plaintiff and Respondent, v.
ANTHONY VINCENT HUFF, Defendant and Appellant.

## COUNSEL

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, and Allan H. Keown, Deputy State Public Defender, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Gloria F. DeHart and Robert R. Granucci, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**BARRY-DEAL, J.**—

### I. INTRODUCTION

On appeal from a judgment entered following revocation of probation, appellant contends that the trial court erred when it refused to continue the probation revocation hearing until after trial on the pending criminal charges

which formed the basis for revocation. We hold that the trial court did not err. We also hold that Proposition 8 (Cal. Const., art. I, § 28) does not apply to a probation revocation proceeding where probation was granted for a crime which occurred prior to the effective date of that constitutional amendment.

## II. STATEMENT OF THE CASE AND OF THE FACTS

On April 15, 1982, appellant was certified to the San Francisco Superior Court after pleading guilty in municipal court to a charge of grand theft from the person. (Pen. Code, § 487, subd. 2.) On May 13, 1982, the trial court suspended imposition of sentence and placed appellant on three years probation.

On September 20, 1982, the San Francisco County District Attorney moved to revoke appellant's probation based upon the fact that appellant had been charged on August 26, 1982, with burglary, attempted burglary, two counts of receiving stolen property, and misdemeanor possession of burglar tools. (Pen. Code, §§ 459, 664/459, 496, subd. 1, 466.)

On October 8, 1982, the trial court denied appellant's motion for a continuance of the probation revocation hearing until a date subsequent to trial on the pending charges.

Probation revocation hearing was held on October 21, 1982. The sufficiency of the evidence to support the trial court's decision to revoke probation is not in dispute, and there is no need to set it out here in detail. The People's evidence showed that on August 26, 1982, appellant and his co-defendant, Ronald Gibson, were observed breaking into and attempting to break into trunks of automobiles not belonging to them. After waiving his *Miranda* rights, appellant told the police that Gibson had "hit a trunk" and that he had no idea that Gibson was going to do this until he did it. A consensual search of Gibson's car revealed items stolen from one of the vehicles.

Defense counsel refused to cross-examine the People's witnesses, stating, "In light of the denial of the motion for continuance of this until after trial, I believe that no questions of [the witnesses] would shed any light on the underlining [*sic*] facts of the incident. . . ."

The defense called Gibson, who invoked his Fifth Amendment privilege and refused to testify. Defense counsel explained that he advised appellant not to testify because ". . . he would be giving up his right to remain silent and also to be free of compelled discovery . . . ."

The trial court found beyond a reasonable doubt that appellant had violated his probation and ordered it revoked. The court sentenced appellant to state prison for the middle term of two years and gave him credit for time served. This appeal followed.

## III. Discussion

### A. *Coleman Reaffirmed*

In *People* v. *Coleman* (1975) 13 Cal.3d 867 [120 Cal.Rptr. 384, 533 P.2d 1024], defendant claimed that holding his probation revocation hearing prior to trial on the new charges which gave rise to the revocation proceeding denied him procedural due process because he was forced to forego his opportunity to testify in his own behalf at the revocation hearing in order to avoid incriminating himself at the pending trial. The Supreme Court found it unnecessary to rule on this constitutional claim. It held that the choice forced upon defendant was unnecessarily inconsistent with constitutional values and therefore declared as a judicial rule of evidence a limited exclusionary rule precluding subsequent prosecutorial use of a probationer's testimony or its fruits.

The court stated that this rule ". . . allows the state to continue to press for revocation of probation either before or after a probationer's trial on related charges, . . ." (*Id.,* at p. 889.)

In *People* v. *Jasper* (1983) 33 Cal.3d 931 [191 Cal.Rptr. 648, 663 P.2d 206], the Supreme Court reaffirmed its holdings in *Coleman.* First, the court again declined to rule on the constitutional question. Noting that at the time of *Coleman* the federal law on the question was in a state of confusion, the court found that subsequent federal decisions indicated that the issue, if reached, might well be resolved against defendant's position. (*Jasper, supra,* at p. 934.)

Second, the court rejected defendant's claim that recent decisions restricting the People's use of pretrial discovery compelled reconsideration of *Coleman.* (*People* v. *Jasper, supra,* 33 Cal.3d at p. 934.)

Third, the court rejected defendant's complaint of an asserted routine practice in San Francisco of scheduling all probation revocation hearings in advance of trial on the pending criminal charges. The court found no basis for this claim in the record before it, but reiterated its admonition in *Coleman* that " 'the most desirable method of handling the problems of concurrent criminal and probation revocation proceedings may well be for revocation proceedings not even to be initiated until after disposition of the

related criminal proceedings.' ([*People* v. *Coleman, supra,*] 13 Cal.3d at p. 896.)" (*People* v. *Jasper, supra,* 33 Cal.3d at p. 935.) The court held the trial court must exercise its discretion in deciding whether a revocation hearing should be held before trial. (*Id.,* at p. 935.)

These holdings in *Jasper* dispose of all claims raised in appellant's opening brief herein, which was filed prior to that decision. ■ We hold that the trial court did not err when it denied appellant's motion to continue probation revocation proceedings until after trial on the pending criminal charges. The record before us does not support appellant's claim that the trial court failed to exercise its discretion in making this decision.

### B. *Effect of Proposition 8*

At the June 1982 election the voters of this state adopted Proposition 8, which added section 28 to article I of the state Constitution. Subdivision (d) of that section is entitled "Right to Truth-in-Evidence," and provides in relevant part that ". . . relevant evidence shall not be excluded in any criminal proceeding, including . . . post conviction motions and hearings, . . ."

■ The *Jasper* opinion concluded with this statement: "Because the probation revocation hearing preceded the adoption of . . . Proposition 8 . . . we do not examine the question of the continued validity of *Coleman*'s limited exclusionary rule post Proposition 8." (*People* v. *Jasper, supra,* 33 Cal.3d at p. 935.) This language would seem to indicate that the question would have to be addressed where, as here, the revocation hearing occurred after adoption of Proposition 8. However, a subsequent Supreme Court decision convinces us that this is not the case.

In *People* v. *Smith* (1983) 34 Cal.3d 251 [193 Cal.Rptr. 692, 667 P.2d 149], the court held ". . . that Proposition 8 applies only to prosecutions for crimes committed on or after its effective date." (*Id.,* at p. 258.) ■ It is axiomatic that a probation revocation proceeding is not a "prosecution" for a "crime." It is a narrow inquiry into whether the probationer, who is on conditional liberty, has complied with the requirement that he or she observe the conditions of probation. (See, e.g., *People* v. *Coleman, supra,* 13 Cal.3d at pp. 876-877, fn. 8.) ■ Here, the probation revocation hearing was on a post-conviction motion involving a crime which was committed prior to the effective date of Proposition 8. Therefore, under the holding of *People* v. *Smith, supra,* 34 Cal.3d 251, Proposition 8 was inapplicable, and we do not examine the question of *Coleman*'s continuing validity post-Proposition 8.

We are aware that the *Smith* court did not have before it the question of Proposition 8's applicability to post-Proposition 8 probation revocation

hearings growing out of pre-Proposition 8 crimes. However, the *Smith* court clearly indicated that in every case it is the date of the crime, not of the proceeding, that must be determinative. (*People* v. *Smith, supra,* 34 Cal.3d at p. 259, fn. 3.) Furthermore, one of the major bases of the *Smith* decision—that retroactive application of Proposition 8 might give rise to serious ex post facto problems—is applicable to the scenario presently before us. That is, a holding that the truth-in-evidence provision of Proposition 8 nullified *Coleman*'s exclusionary rule might well have the effect of impairing the defense at a postrevocation trial where defendant took the stand at the revocation hearing relying on the *Coleman* rule.

We therefore hold that Proposition 8 applies to probation revocation hearings only where probation was granted for a crime which was committed on or after June 9, 1982.

The judgment is affirmed.

White, P. J., and Scott, J., concurred.