[No. B001156. Second Dist., Div. Five. Feb. 7, 1985.]

THE PEOPLE, Plaintiff and Respondent, v.
CHARLES WELDON PREYER, Defendant and Appellant.

■■■■■■■■■

■■■■■■■■■■■■■■■■■

■■■■■

■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■

570

**COUNSEL**

Arthur Lewis, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Robert F. Katz and Carol Slater Frederick, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**OSBORNE, J.***—In case A-373174, appellant was charged with robbery (Pen. Code, § 211) and personal use of a firearm within the meaning of Penal Code sections 12022.5 and 1203.06, subdivision (a)(1). In case A-373489, appellant was charged with assault with a deadly weapon (Pen. Code, § 245, subd. (a)) and personal use of a firearm within section 12022.5. Appellant pleaded guilty to both charges and admitted the enhancement allegations.

On December 22, 1982, the court sentenced appellant to upper terms of five years for A-373174 and four years for A-373489. For reasons extraneous to those two cases, the trial court suspended the execution of the sentences and placed appellant on probation for a period of five years, notwithstanding the prohibition of probation for the robbery case under Penal Code section 1203.06. One term of probation was that defendant not own, use or possess any dangerous or deadly weapons. Appellant was given credit for time served and released from custody. There was no appeal.

Within a month, on January 18, 1983, appellant was again arrested for robbery. On August 3, 1983, after a probation revocation hearing, the court found defendant in violation of probation for having possessed a deadly weapon, a knife. The suspended prison terms were imposed, to run consecutively. The court continued the stay of the additional two years sentence

---

*Assigned by the Chairperson of the Judicial Council.

for use of a firearm. The January 1983 robbery charge, which had not yet been tried, was then dismissed.

Appellant appealed. Additional facts will be discussed with appellant's contentions.

### PRETRIAL PROBATION REVOCATION HEARING

■ Appellant claims that holding a probation revocation hearing before trial is a violation of his constitutional rights. In *People* v. *Coleman* (1975) 13 Cal.3d 867 [120 Cal.Rptr. 384, 533 P.2d 1024] and *People* v. *Jasper* (1983) 33 Cal.3d 931 [191 Cal.Rptr. 648, 663 P.2d 206], the Supreme Court rejected a similar claim. Appellant recognizes those holdings and candidly urges this court to hold that there is no discretion to hold a probation revocation hearing before disposition of related criminal proceedings. We decline, based on stare decisis, principle, and the facts of this case.

In *Coleman* and *Jasper,* the California Supreme Court stated that whether a probation revocation hearing should be held before or after trial is a matter for the reasonable discretion of the trial court. Those holdings have been followed by other Courts of Appeal.[1] We are required to do the same. (*Auto Equity Sales, Inc.* v. *Superior Court* (1962) 57 Cal.2d 450 [20 Cal.Rptr. 321, 369 P.2d 937].)

Even as an open question, appellant has not presented a constitutional basis for prohibiting probation revocation hearings before trial or other disposition of related criminal proceedings. "As stated in *Coleman, supra,* not all court procedures are invalid which cause defendants to make hard choices." (*People* v. *Douglas* (1977) 66 Cal.App.3d 998, 1005 [136 Cal.Rptr. 358].) In *Douglas,* a defendant testified at a motion to suppress evidence, at the cost of being impeached when he later testified inconsistently at trial. In *A & M Records, Inc.* v. *Heilman* (1977) 75 Cal.App.3d 554 [142 Cal.Rptr. 390], a defendant in a civil case had to choose between waiving his privilege against self-incrimination or being precluded from

---

[1]*People* v. *Carter* (1975) 48 Cal.App.3d 369 [121 Cal.Rptr. 677]; *People* v. *North* (1975) 48 Cal.App.3d 530 [120 Cal.Rptr. 661]; *People* v. *Sharp* (1976) 58 Cal.App.3d 126 [129 Cal.Rptr. 476], disapproved in part in *People* v. *Jasper, supra,* 33 Cal.3d at page 935; *People* v. *King* (1979) 89 Cal.App.3d 506 [152 Cal.Rptr. 566]; *People* v. *Beaudrie* (1983) 147 Cal.App.3d 686 [195 Cal.Rptr. 289]; *People* v. *Samuels* (1983) 147 Cal.App.3d 1108 [195 Cal.Rptr. 598]; *People* v. *Huff* (1983) 148 Cal.App.3d 801 [196 Cal.Rptr. 290]; *People* v. *Johnson* (1984) 159 Cal.App.3d 163 [205 Cal.Rptr. 427]; see also *People* v. *Ortiviz* (1977) 74 Cal.App.3d 537 [141 Cal.Rptr. 483]; *Chamblin* v. *Municipal Court* (1982) 130 Cal.App.3d 115 [181 Cal.Rptr. 636]; *People* v. *Nixon* (1982) 131 Cal.App.3d 687 [183 Cal.Rptr. 878]; *People* v. *Fuller* (1983) 148 Cal.App.3d 257 [195 Cal.Rptr. 853]; and *People* v. *Howard* (1984) 162 Cal.App.3d 8 [208 Cal.Rptr. 353].

testifying at trial about matters regarding which he claimed the privilege to avoid testifying at a deposition. (See also the pretrial revocation cases reviewed in *State* v. *Boyd* (1981) 128 Ariz.App. 381 [625 P.2d 970].)

In different cases, there may be different reasons to hold the probation revocation hearing before a related trial. The notice may allege violation of a probation term prohibiting possession or consumption of alcohol, driving with alcohol in the body, or, as in this case, possession of a deadly weapon. A violation of probation may thus be found other than the crime charged in a related proceeding. A court may try to avoid unnecessary appearances of witnesses. (*People* v. *Sandoval* (1977) 70 Cal.App.3d 73, 84 [138 Cal.Rptr. 609, 99 A.L.R.3d 765].) It may be desirable to avoid recycling a probation revocation in one court waiting for completion of matters not even filed yet in another court. These are matters appropriately left to the discretion of the trial court. The statute does not prohibit hearing probation revocation matters before disposition of a related criminal case. (Pen. Code, § 1203.2.) The Supreme Court has left the timing of probation revocation hearings to the discretion of the trial court. It would not be appropriate, nor is there good reason, for us to eliminate that discretion.

We therefore consider whether, in this case, it was an abuse of discretion for the trial court to hear the probation revocation matter before final disposition of other related cases.

"Judicial discretion is that power of decision exercised to the necessary end of awarding justice based upon reason and law but for which decision there is no special governing statute or rule. Discretion implies that in the absence of positive law or fixed rule the judge is to decide a question by his view of expediency or of the demand of equity and justice. (Bowers, Judicial Discretion of Trial Courts (1931) § 10, pp. 14, 15.) The term implies absence of arbitrary determination, capricious disposition or whimsical thinking. It imports the exercise of discriminating judgment within the bounds of reason." (*People* v. *Surplice* (1962) 203 Cal.App.2d 784, 791 [21 Cal.Rptr. 826]; *Harris* v. *Superior Court* (1977) 19 Cal.3d 786, 796 [140 Cal.Rptr. 318, 567 P.2d 750].) A decision will not be reversed merely because reasonable people might disagree. "An appellate tribunal is neither authorized nor warranted in substituting its judgment for the judgment of the trial judge." (*Brown* v. *Newby* (1940) 39 Cal.App.2d 615, 618 [103 P.2d 1018]; *People* v. *Angus* (1980) 114 Cal.App.3d 973, 988 [171 Cal.Rptr. 5]; *People* v. *Bailes* (1982) 129 Cal.App.3d 265, 281 [180 Cal.Rptr. 792]; 6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 242.) In the absence of a clear showing that its decision was arbitrary or irrational, a trial court should be presumed to have acted to achieve legitimate objectives and, accordingly, its discretionary determinations ought not be set

aside on review. (*People* v. *Giminez* (1975) 14 Cal.3d 68, 72 [120 Cal.Rptr. 577, 534 P.2d 65]; *Ross* v. *Superior Court* (1977) 19 Cal.3d 899, 915 [141 Cal.Rptr. 133, 569 P.2d 727]; *People* v. *Angus, supra,* 114 Cal.App.3d 973, 987.) "Further, to be entitled to relief on appeal from an alleged abuse of discretion, it must clearly appear the resulting injury is sufficiently grave to manifest a miscarriage of justice. (*Brown* v. *Newby* (1940) 39 Cal.App.2d 615, 618 [103 P.2d 1018].)" (*In re Richard E.* (1978) 21 Cal.3d 349, 354 [146 Cal.Rptr. 604, 579 P.2d 495]; *People* v. *Angus, supra,* 114 Cal.App.3d 973, 988.)

In any case involving the exercise of judicial discretion, it can assist the reviewing court if the trial court states for the record the reasons for its decision. (*People* v. *Edwards* (1976) 18 Cal.3d 796, 804 [135 Cal.Rptr. 411, 557 P.2d 995].) However, in busy trial courts with many occasions daily to exercise discretion, circumstances obvious to the trial judge and time pressures on the court may result in no statement being made on the record. ■ "[F]ailure to state reasons for a discretionary decision does not constitute, by itself, abuse of discretion." (*In re Richard E., supra,* 21 Cal.3d 349, 354.) The statute does not require the court to state the basis for its actions orally or in writing. (Pen. Code, § 1203.2; *People* v. *Angus, supra,* 114 Cal.App.3d 973, 986; and see *Wilson* v. *Sunshine Meat & Liquor Co.* (1983) 34 Cal.3d 554, 562-563 [194 Cal.Rptr. 773, 669 P.2d 9].) In short, although a statement of reasons may make appellate review easier, abuse of discretion is not presumed from a silent record, but must be clearly shown by appellant.

Nor is abuse of discretion demonstrated merely by characterizing the exercise of discretion as routine. For example, if 97 percent of all defendants convicted of driving while under the influence of alcohol or drugs are not (or are) sentenced to jail, that does not establish an abuse of discretion regarding a particular appellant, regardless of whether he is part of the 97 percent or the 3 percent. Abuse of discretion must be demonstrated based on the facts of the particular case being reviewed, and not on a statistical label. (See *People* v. *Jasper, supra,* 33 Cal.3d 931, 935.)

Appellant argues that if the trial had been assigned to the judge who handled the probation revocation hearing, appellant could have exercised a peremptory challenge. ■ As a general rule, a defendant can exercise a peremptory challenge against a judge about to preside over a probation revocation hearing, regardless of whether it is heard before or after the trial of a related case. However, a peremptory challenge would not have prevented the judge from hearing the probation revocation in this case, because he was the judge who gave appellant the "chance of a lifetime" by putting

him on probation despite the prohibition of Penal Code section 1203.06. (*People* v. *Smith* (1961) 196 Cal.App.2d 854, 859 [17 Cal.Rptr. 330].)

■ Finally, even if the exercise of discretion were questionable, appellant would not be entitled to a reversal unless he showed that he was prejudiced. Prejudice has been found from denial of a continuance of a probation revocation hearing where a defendant could have benefited from a later motion to suppress evidence in the related case. (*People* v. *Fuller, supra*, 148 Cal.App.3d 257; *People* v. *Howard, supra*, 162 Cal.App.3d 8.) There was not prejudice in a similar case because the prosecutor represented that the related case was going to be dismissed before trial because of search and seizure problems. (*People* v. *Nixon, supra*, 131 Cal.App.3d 687.) While our attention has not been called to any other cases finding prejudice from a pretrial probation revocation hearing, we do not mean to imply that there are no other situations in which it might be an abuse of discretion to deny a request to continue the hearing.

The most frequently expressed concern, stressed also by appellant, is that of jeopardizing chances of acquittal at a subsequent trial. Both the probationer and the state have an interest in full truthful disclosure at the revocation hearing, whether it is exculpatory or involves incriminating admissions coupled with mitigating evidence. (*Coleman*, at pp. 873-874.) Accordingly, the Supreme Court declared a limited exclusionary rule, precluding subsequent prosecutorial use of a probationer's evidence or its fruits, except for clear impeachment or rebuttal. (*Coleman*, at p. 889; *Jasper*, at p. 933; *People* v. *Samuels, supra*, 147 Cal.App.3d 1108; and see *Ramona R.* v. *Superior Court* (1985) 37 Cal.3d 802 [210 Cal.Rptr. 204, 693 P.2d 789].) If that is a defendant's concern, he can disclose the information and later "put the People to their proof by objecting, either prior to or at trial, to prosecutorial use of any revocation hearing disclosures or their fruits . . . ." (*People* v. *Samuels, supra*, 147 Cal.App.3d 1108, 1114-1115; compare *Luce* v. *United States* (1984) — U.S. — [83 L.Ed.2d 443, 105 S.Ct. 460].) In this case, appellant testified at the revocation hearing, so trial concerns and the sequence of hearings did not inhibit his probation revocation defense. After the revocation and sentencing in these cases, appellant's other pending cases were dismissed, so his defense of those cases obviously was not prejudiced. (Compare *People* v. *Nixon, supra*, 131 Cal.App.3d 687.) We conclude that appellant was not prejudiced by the denial of his motion to continue the revocation hearing, and therefore any alleged error was harmless. (*People* v. *Johnson* (1984) 159 Cal.App.3d 163, 166 [205 Cal.Rptr. 427].)

Thus, based on stare decisis, principle, and the facts of this case, we conclude that appellant has not shown any failure to exercise discretion, or

any abuse of discretion. In any event, he has not shown any prejudice, and therefore any alleged error was harmless.

### WAIVER OF CURRENT PROBATION REPORT

After finding that defendant had violated probation, the trial court asked whether appellant wanted a new probation report. His attorney replied that appellant requested to be sentenced forthwith, and would waive any right to any additional probation report.

Appellant asserts that the court had a duty to personally advise him of his right to a current probationary report, and to make sure that he understandingly, voluntarily, and personally waived that right. He cites cases involving waivers of certain constitutional rights, such as *In re Tahl* (1969) 1 Cal.3d 122 [81 Cal.Rptr. 577, 460 P.2d 449] and *Boykin* v. *Alabama* (1969) 395 U.S. 238 [23 L.Ed.2d 274, 89 S.Ct. 1709]. They are not in point.

■ In this case, if defendant had a right to a new probation report (see *People* v. *Brady* (1984) 162 Cal.App.3d 1 [208 Cal.Rptr. 21]), that right was not demanded but was expressly waived. There is no requirement that there be a personal waiver of a supplemental probation report. Counsel's waiver was adequate, and any error was invited by appellant's request to be sentenced forthwith. (*People* v. *Tempelis* (1964) 230 Cal.App.2d 596, 601 [41 Cal.Rptr. 253].) The contention is without merit.

### REASONS FOR UPPER TERM

■ Appellant contends that the trial court erred in failing to state on the record why the upper term was imposed in case A-373174.

When a defendant is sentenced originally, the judge must state reasons for the imposition of upper or lower terms. (Pen. Code, § 1170, subd. (b); *People* v. *Hernandez* (1979) 100 Cal.App.3d 637 [160 Cal.Rptr. 607].) If the judge did not state reasons for imposing the upper term in December of 1982, appellant could have appealed at that time. He did not do so then, and cannot do so now. That judgment is now final. (*People* v. *Chagolla* (1984) 151 Cal.App.3d 1045, 1048, 1050 [199 Cal.Rptr. 181]; Cal. Rules of Court, rule 435.) There was no error.

### REASONS FOR CONSECUTIVE SENTENCES

■ Appellant contends that the trial court erred because it did not state any reasons for imposing consecutive sentences. Ordinarily, a court must state its reasons for imposing consecutive rather than concurrent sentences.

(*People* v. *Bejarano* (1981) 114 Cal.App.3d 693, 704 [173 Cal.Rptr. 71]; *People* v. *Walker* (1978) 83 Cal.App.3d 619, 622 [148 Cal.Rptr. 66].)

Although the trial court discussed at some length its views of defendant, the "chance of a lifetime" it had given defendant, and its intentions with respect to consecutive sentences, it did not expressly state on the record its reasons for the decision to impose consecutive sentences.

The probation report set forth five factors in aggravation and none in mitigation. The aggravating factors were:

"1. The defendant is to be sentenced on two separate unrelated crimes which involved thefts, bodily harm, and disclosed degree of viciousness and callousness.

"2. The defendant has engaged in a pattern of violent conduct which indicates a serious danger to society.

"3. The defendant's record is numerous and of increasing seriousness.

"4. The defendant was on probation when he committed these crimes.

"5. The defendant's previous performance on probation was unsatisfactory." The probation officer recommended that appellant be sentenced consecutively, because the crimes and their objectives were predominantly independent of each other, and they were committed at different times and at separate places.

Appellant's present violation occurred less than one month after being given the "chance of a lifetime" by being granted probation.

The record clearly supports the sentencing decision, and there is no reasonable possibility that appellant's sentence would be lessened on remand. Failure to state the reasons on the record is not prejudicial error per se. Any error is harmless, and remand is not required. (*People* v. *Watson* (1956) 46 Cal.2d 818, 836 [299 P.2d 243]; *People* v. *Wright* (1982) 30 Cal.3d 705, 714 [180 Cal.Rptr. 196, 639 P.2d 267]; *People* v. *Skenandore* (1982) 137 Cal.App.3d 922, 925 [187 Cal.Rptr. 368].) We are unwilling to remand the case merely to require the trial court to adhere to a formal ritual, with the same result. (*People* v. *Dunnahoo* (1984) 152 Cal.App.3d 561, 579 [199 Cal.Rptr. 677]; *People* v. *Blessing* (1979) 94 Cal.App.3d 835, 838-839 [155 Cal.Rptr. 780].)

### The Subordinate Term

In case A-373489, after revocation of probation, the court imposed the upper term of four years which had previously been imposed and suspended, and designated it as the "subordinate term" to run consecutively to A-373174.

As noted by appellant, the determinate sentence law provides that the subordinate term for each consecutive offense shall consist of one-third of the middle term of imprisonment prescribed for each felony conviction for which a consecutive term is imposed. (Pen. Code, § 1170.1, subd. (a).)

The "Abstract of Judgment—Commitment" bearing case No. A-373174 is correct. It shows five years for the robbery, one year (one-third of the middle term of three years) for the assault with a deadly weapon, and a total term imposed of six years. However, the record also includes an "Abstract of Judgment—Commitment, Single or Concurrent Count Form" bearing case No. A-373489, which shows the time imposed as four years. The clerk may have overlooked the instruction at the top and bottom of the page which states "Not to be used for Multiple Count Convictions nor Consecutive Sentences." That document should be stricken, and case No. A-373489 should be appropriately noted on the form now bearing only the number A-373174.

### Disposition

There was no prejudicial error. The length of the subordinate term has been clarified. The trial court is directed to have the abstract of judgment bearing case No. A-373489 stricken, and to have case No. A-373489 appropriately noted on the abstract of judgment now bearing only case No. A-373174. The judgments appealed from are affirmed.

Feinerman, P. J., and Ashby, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 3, 1985.