[Crim. No. 14619. First Dist., Div. Three. May 10, 1976.]

THE PEOPLE, Plaintiff and Respondent, v.
LESLIE D. SHARP, Defendant and Appellant.

**COUNSEL**

Richard A. Bancroft and Rick T. Barron for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, Timothy A. Reardon and April Kestell Cassou, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**EMERSON, J.***—On this appeal from an order revoking probation, appellant does not dispute that there was sufficient evidence to support the trial court's finding that he had committed a violation of the conditions of probation, to wit, that he possessed heroin. He assigns as error, however, the court's alleged failure to exercise its discretion in deciding two questions: (1) whether to revoke probation because of the violation, and (2) whether to set the probation revocation hearing prior to trial on pending charges arising from the same acts. We hold that the trial court did not abuse its discretion as to the first issue, and as to the second, that it was not required to exercise discretion.

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

### The Decision to Revoke

■ Having determined that appellant violated a condition of his probation, the trial court was required to decide whether the violation warranted revocation. (*Morrissey* v. *Brewer* (1972) 408 U.S. 471, 488 [33 L.Ed.2d 484, 498, 92 S.Ct. 2593]; *People* v. *Coleman* (1975) 13 Cal.3d 867, 873, 895, fn. 22 [120 Cal.Rptr. 384, 533 P.2d 1024].) "It is presumed that official duty has been regularly performed." (Evid. Code, § 664.) In this case the court had discretion to revoke or modify probation or to continue probation, depending upon its analysis of the circumstances before it. (*People* v. *Coleman, supra;* Pen. Code, § 1203.2.) Section 664 of the Evidence Code supports the presumption that the court went through the necessary intellectual steps to reach its decision to revoke.

In the cases upon which appellant relies, the records affirmatively showed that the trial courts were not exercising discretion which was theirs. (*Burnett* v. *Superior Court* (1974) 12 Cal.3d 865, 868-869 [117 Cal.Rptr. 556, 528 P.2d 372]; *People* v. *Massie* (1967) 66 Cal.2d 899, 915-916 [59 Cal.Rptr. 733, 428 P.2d 869]; *Cahill* v. *Superior Court* (1904) 145 Cal. 42, 44-46 [78 P. 467]; *People* v. *Butcher* (1969) 275 Cal.App.2d 63, 67-68 [79 Cal.Rptr. 618].) Here, the record contains no such affirmative showing, appellant having failed to address himself to the issue under consideration at the revocation hearing. After hearing testimony and argument, the court commented upon the credibility of the witnesses and upon the fact that appellant was found in possession of four balloons of heroin only one month and six days after having been released from county jail where he had served ninety days for possession of heroin. The record supports the conclusion that the court exercised its discretion and that it did not abuse it. (See *People* v. *Baker* (1974) 38 Cal.App.3d 625, 628-629 [113 Cal.Rptr. 244].)

### The Decision to Hold the Revocation Hearing Before Trial

■ Relying on *People* v. *Coleman, supra,* 13 Cal.3d 867, appellant contends that the trial court failed to exercise its discretion in deciding whether to set the probation revocation hearing prior to trial on the charge arising from the same facts. In *Coleman,* the defendant claimed that revocation of his probation in advance of trial denied him procedural due process, because he was forced to forego his opportunity to testify in his own behalf at the revocation hearing in order to avoid incriminating himself at his pending trial. (13 Cal.3d at p. 871.) The Supreme Court declined to decide the constitutional issue. Instead,

recognizing that holding the revocation hearing prior to trial creates a tension between countervailing constitutional rights (*id.,* at pp. 872-898), the court fashioned a judicial rule of evidence that "henceforth upon timely objection the testimony of a probationer at a probation revocation hearing held prior to the disposition of criminal charges arising out of the alleged violation of the conditions of his probation, and any evidence derived from such testimony, is inadmissible against the probationer during subsequent proceedings on the related criminal charges, save for purposes of impeachment or rebuttal . . . ." (*Id.,* at p. 889.)

The court noted that "[*t*]*his exclusionary rule allows the state to continue to press for revocation of probation* either *before* or after a probationer's *trial* on related charges, but insures that this scheduling discretion will not be influenced by the illegitimate desire to gain an unfair advantage at trial." (*Ibid.* italics added.)

The court also noted that "the most desirable method of handling the problems of concurrent criminal and probation revocation proceedings may well be for revocation proceedings not even to be initiated until after disposition of the related criminal proceedings." (*Id.,* at p. 896.) This statement is of little, if any, consequence, since the court declined to fashion a judicial rule requiring that revocation be postponed until after trial.

It is in this context that the following statement, upon which appellant relies, must be read: "We do not now decide whether a probationer's consent to a delay in trial is to be deemed to extend to the consequent delay in a revocation proceeding postponed until after trial. [Citation.] Nor do we seek now to set standards for the exercise of a court's sound discretion in deciding whether to permit probation revocation proceedings to commence in advance of the disposition of related criminal proceedings, or in deciding, once probation revocation proceedings have so commenced, how long the formal revocation hearing may be postponed due to concurrent criminal proceedings, without violating the probationer's due process right to a reasonably prompt revocation hearing." (*Id.,* at pp. 896-897.) The defendant may waive the exclusionary rule if he desires a speedy resolution of the probation issue but a postponement of trial. (*Id.,* at p. 897.)

It is clear that the "court's sound discretion" regarding scheduling was alluded to in the context of a discussion of the right to a speedy criminal trial versus the right to a speedy revocation hearing. We do not read

*Coleman* as requiring that the trial court exercise discretion in each case in deciding whether the revocation hearing may precede trial on pending charges. The significance of *Coleman* was that it created an evidentiary rule and thereby avoided the very issue which appellant now raises. He suggests that we fashion a set of standards to be followed by trial courts in deciding whether the revocation hearing may precede trial. But, the message of *Coleman* is, as quoted above, that the state may continue to press for revocation of probation before trial. The trial court may, of course, exercise its discretion and postpone revocation proceedings until after trial. But it may also follow the procedure which apparently has been adopted in the San Francisco Superior Court, namely, to set virtually all probation revocation hearings prior to trial, without exercising discretion in each case.[1]

The order is affirmed.

Draper, P. J., and Brown (H. C.), J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 8, 1976.

---

[1]We assume arguendo that this is the procedure which has been adopted in San Francisco. In light of our holding we need not reach the merits of the People's strenuous objection to the propriety of our having granted judicial notice of appellant's statistical compilations.