Filed 12/5/25  P. v. Arzaluz CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B341885 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. 23SFCF00133) |
| v. | |
| OSCAR FABIAN ARZALUZ, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Michael Terrell, Judge.  Affirmed and modified with directions.

Wayne C. Tobin, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

———————————————

Appellant Oscar Fabian Arzaluz appeals his conviction following a no contest plea to one count of unlawful possession of ammunition.  He originally filed a notice of appeal to challenge the validity of his plea based on the trial court's intention to conduct a revocation hearing on his other case prior to a jury trial on the underlying case.

Pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), Arzaluz's appellate counsel requested that we review the record and determine whether any arguable issues exist.  We have reviewed the entire record and find no arguable issues, except the incorrect calculation of conduct credit.  We affirm with directions to correct the conduct credit.

## BACKGROUND[1]

On August 21, 2024, the District Attorney filed a one-count information charging Arzaluz with unlawful possession of ammunition in violation of Penal Code section 30305, subdivision (a)(1).[2]  The information further alleged four aggravating circumstances for having prior convictions or sustained juvenile petitions that are numerous or of increasing seriousness (Cal. Rules of Court, rule 4.421(b)(2))[3], serving a prior prison term or county jail term under section 1170, subdivision (h) (rule 4.421(b)(3)), committing the offense while on probation or other

---

[1]    Because the appeal does not raise any issues concerning the facts of the underlying offense, the opinion does not include a statement of facts.

[2]    All further statutory references are to the Penal Code.

[3]    All further references to rules are to the California Rules of Court.

supervision (rule 4.421(b)(4)), and previously performing unsatisfactorily on probation or other supervision (rule 4.421(b)(5)). Arzaluz pleaded not guilty to the charge and denied the aggravating circumstances.

On November 4, 2024, Arzaluz pleaded no contest to unlawful possession of a firearm (§ 30305, subd. (a)(1); count 1) and admitted that he committed the offense while on probation as an aggravating circumstance under rule 4.421(b)(4). Prior to his no contest plea, Arzaluz waived his constitutional rights, including his right to a trial, both in a written form and verbally in open court.

On count 1, the trial court imposed the upper term of three years in state prison. The court suspended execution of the sentence and placed Arzaluz on two years of formal probation. The court ordered that Arzaluz comply with all conditions of probation, including completion of 60 days of community labor and reporting to the Probation Department. Arzaluz acknowledged his understanding of the terms and conditions of probation and accepted them. The court awarded presentence credit of five actual days and five days of conduct credit. The court also imposed statutorily mandated fines and fees.

A "Felony Advisement of Rights, Waiver, and Plea Form" was filed with the court on the date of the plea and sentencing. The form, as well as the minute order dated November 4, 2024, reflects the disposition of a three-year state prison sentence with execution suspended.

During the same proceeding, Arzaluz also waived his right to a formal hearing on the probation violation in case No. PA098661 and admitted to a violation for failure to obey all

laws based on the conviction in the open case. The court revoked and reinstated probation on the original terms and conditions.

Arzaluz filed a timely notice of appeal, challenging the validity of his plea.[4] He requested a certificate of probable cause on the ground that the trial court's intention to conduct a revocation hearing prior to trial deprived him of due process. The record does not indicate that the trial court issued a certificate of probable cause.

## DISCUSSION

### I.     Independent Review Pursuant to *People v. Wende*

We appointed counsel to represent Arzaluz on appeal. Counsel filed an opening brief that includes the facts and procedural history of the case and requests that we review the record and determine whether there are any arguable issues on appeal. (*Wende*, *supra*, 25 Cal.3d at p. 441.) Counsel advised Arzaluz of the right to file a supplemental brief within 30 days from the date that he filed the opening brief. Arzaluz did not file a supplemental brief.

---

[4]     The notice of appeal filed by Arzaluz's trial counsel states he "appeals from the plea and sentence entered into based on the denial of his request to hear the probation violation hearing concurrently with a jury trial in the above entitled action. . . . [¶] The appeal raises the following constitutional, jurisdictional or other grounds going to the legality of the proceedings: the denial of his request to have the probation violation heard concurrently with his right to have a jury trial deprived him of his due process right to have the jury trial because based on the burden of proof at a probation violation hearing being preponderance of the evidence instead of beyond a reasonable doubt at trial. Instituting a [*sic*]."

We have examined the entire record.  Other than the incorrect award of presentence conduct credit, we are satisfied that no arguable issues exist, particularly those cognizable without a certificate of probable cause, as we explain below.  We conclude that Arzaluz's counsel has fully satisfied his responsibilities under *Wende*.  (*Smith v. Robbins* (2000) 528 U.S. 259, 279–284; *Wende, supra*, 25 Cal.3d at p. 441; *People v. Kelly* (2006) 40 Cal.4th 106, 123–124.)

## II.    Requirements of Section 1237.5

Generally, a defendant may not take an appeal from a judgment of conviction entered on a guilty or no contest plea, except to challenge the legality of the proceedings, including the validity of the plea.  (*People v. Mendez* (1999) 19 Cal.4th 1084, 1094.)  In a challenge to the legality of the proceedings, section 1237.5 prohibits an appeal from a judgment of conviction entered on a guilty or no contest plea, unless the defendant files in the superior court a statement of certificate grounds and obtains a certificate of probable cause for the appeal.  (*Ibid*.)

Arzaluz's plea and the lack of a certificate of probable cause limit the potential scope of his appeal.  At appellate counsel's request, we take judicial notice of this court's order issued on November 20, 2024 that "[t]his appeal, initiated by the notice filed on November 4, 2024, is limited to issues that do not require a Certificate of Probable Cause."

"No certificate of probable cause is required for an appeal based on or from:  [¶] (A) The denial of a motion to suppress evidence under [section 1538.5]; [¶] (B) The sentence or other matters occurring after the plea or admission that do not affect the validity of the plea or admission; or [¶] (C) An appealable order for which, by law, no certificate of probable cause is

5

required." (Rule 8.304(b); *People v. McEwan* (2007) 147 Cal.App.4th 173, 177.)

### III. Timing of Probation Revocation Hearing

Even if we assumed Arzaluz satisfied the requirements of section 1237.5, we would reject his challenge to the validity of his plea which was based on the court's intention to conduct a revocation hearing on his probation case prior to any trial for the underlying case. Due process requires procedural limits on a revocation of probation, including written notice of the alleged violation, disclosure of the evidence against the probationer, a neutral hearing, an opportunity to be heard and present evidence at a hearing, the right to cross examine adverse witnesses. (*Black v. Romano* (1985) 471 U.S. 606, 611–612; *People v. Quarterman* (2012) 202 Cal.App.4th 1280, 1294.) Arzaluz does not contend that he was denied these requirements. He only contends that he should have been permitted to have a revocation hearing conducted concurrently with a trial.

A probationer's rights are not violated by the timing of his probation revocation hearing. (*People v. Jasper* (1983) 33 Cal.3d 931, 935; *People v. Samuels* (1983) 147 Cal.App.3d 1108, 1112.) Section 1203.2, subdivision (a) authorizes revocation at any time, regardless of whether a probationer has been prosecuted for a new offense. (*Samuels*, at p. 1115.) "Whether a revocation hearing should be held before trial rests in the reasonable discretion of the trial court." (*Jasper*, at p. 935; *Samuels*, at p. 1112.)

Arzaluz's counsel objected to conducting a probation revocation hearing prior to trial but never stated the grounds for her objection. Counsel merely declared, "I believe having the [probation violation hearing] concurrent with the trial is the best.

6

I will maintain my objection on the probation violation hearing prior to trials [*sic*], and I would like to set this for trial." Arzaluz's counsel never explicitly moved to continue the revocation hearing, nor did she provide any reason for a continuance. Instead, after conferring with the prosecutor about a plea bargain, defense counsel announced, "We'll take your crazy offer."

## IV.    Presentence Conduct Credit

A defendant is entitled to actual custody credit[5] and conduct credit for work performed[6] and good behavior[7]. (§ 4019, subds. (b), (c); *People v. Brown* (2020) 52 Cal.App.5th 899, 902–903.) For every two days of actual custody, the defendant receives an additional day of conduct credit for work performed and an additional day for good behavior. (§ 4019, subd. (f); *People v. Whitaker* (2015) 238 Cal.App.4th 1354, 1358.) "A defendant who serves an odd number of days is not entitled to an additional single day of conduct credit for his or her final day of actual custody." (*Whitaker*, at p. 1358.) Conduct credits will always be an even number.

---

[5]    Section 2900.5, subdivision (a).

[6]    "[O]ne day shall be deducted from the prisoner's period of confinement unless it appears by the record that the prisoner has refused to satisfactorily perform labor as assigned by the sheriff . . . ." (§ 4019, subd. (b).)

[7]    "[O]ne day shall be deducted from the prisoner's period of confinement unless it appears by the record that the prisoner has not satisfactorily complied with the reasonable rules and regulations established by the sheriff . . . ." (§ 4019, subd. (c).)

Here, the trial court improperly awarded an extra day of conduct credit. Arzaluz was entitled to 4 days of conduct credit, not 5 days. We direct the clerk of the superior court to correct the minute order of the sentencing to reflect this reduction in conduct credit.[8]

---

[8] We address this noncertificate issue of miscalculation of presentence custody credits, even though it was not first presented to the superior court. (See *People v. Acosta* (1996) 48 Cal.App.4th 411, 427–428.)

## DISPOSITION

We modify the award of presentence conduct credit from 5 days to 4 days.  We direct the clerk of the superior court to correct the minute order of the sentencing to reflect this reduction in conduct credit.  In all other aspects, the judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


HANASONO, J.


We concur:



EDMON, P. J.



EGERTON, J.


9